USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ELVYS LUNA,

                Plaintiff,

      - against -

CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------x

17 Civ. 3383 (RMB)

**DECISION & ORDER**

Having reviewed the record herein, including, without limitation: **(1)** the Amended Complaint, dated September 22, 2017 ("Amended Complaint"), filed by Elvys Luna ("Plaintiff") against the City of New York and several officers of the New York City Police Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and common law.[1] The Amended Complaint includes claims for false arrest on June 27, 2015 and false imprisonment. See Amended Complaint ¶ 23; **(2)** the Stipulation of Settlement, signed by Defendants' counsel, Assistant Corporation Counsel Alison Mitchell, on November 13, 2017 and by Plaintiff's counsel, John Grill, on November 17, 2017 ("Stipulation of Settlement"), stating that the "City of New York hereby agrees to pay plaintiff . . . Five Hundred [] Dollars" and "plaintiff agrees to dismissal of all the claims against the defendants." Stipulation of Settlement ¶ 2; **(3)** the Stipulation of Dismissal, signed by Defendants' counsel, Alison Mitchel, on November 13, 2017 and by Plaintiff's counsel, John Grill, also on November 17, 2017 ("Stipulation of Dismissal"), stating that "the parties have reached a settlement agreement." Stipulation of Dismissal at 1; **(4)** Plaintiff's counsel's (John Grill's) letter to Defendants, dated December 9, 2017 ("12/9/17

---

[1] The following police officers are Defendants in this case: NYPD Officer Martin Verendia, Sergeant Diana Perry, Officer Tom O'Connell, Officer Brian Dougherty, Officer Vincent Giordano, and Sergeant George Fritensky. See Amended Complaint.

1

Letter"), stating that Plaintiff "has changed his mind and does not want to settle." 12/9/17 Letter at 1; **(5)** Defendants' letter to the Court, dated December 12, 2017 ("12/12/17 Letter"), asking the Court "to enforce their settlement agreement" and stating Plaintiff's counsel, John Grill, had the authority to settle this case. 12/12/17 Letter at 1-2; and **(6)** Plaintiff's counsel (John Grill's) letter in response to the Court, dated January 16, 2018 ("1/16/18 Letter"), arguing that "there is no final settlement to enforce" because Plaintiff's counsel, John Grill, did not have authority to settle and because Plaintiff never signed a general release. 1/16/18 Letter at 2-3, **the Court grants Defendants' application to enforce the Stipulation of Settlement**, as follows:

1 – "[B]ecause of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so. In accordance with that presumption, any party challenging an attorney's authority to settle the case under such circumstances bears the burden of proving by affirmative evidence that the attorney lacked authority." In re Artha Management, Inc., 91 F.3d 326, 329 (2d Cir. 1996). **Plaintiff has produced no evidence that Plaintiff's counsel, John Grill, lacked authority to settle the case on November 17, 2017 when counsel signed the Stipulation of Settlement.**

To the contrary, the Stipulation of Settlement states that "plaintiff has authorized his counsel to settle this matter on the terms set forth below." Stipulation of Settlement at 1. And, the Stipulation of Dismissal states that "the parties have reached a settlement agreement." Stipulation of Dismissal at 1. See Artha Management, 91 F.3d at 329 (where "appellants failed to produce affirmative evidence that [their counsel] lacked authority to settle the claim against them," counsel "had actual authority to sign the agreement on appellants' behalf and [] his signature bound appellants").

2

2 – The record reflects that Plaintiff's counsel, John Grill, had actual authority to settle the case on November 17, 2017. Among other things, on November 8, 2017, Defendants' counsel emailed Plaintiff's counsel stating: "I wanted to reach out to you regarding the current settlement offer previously made to your client. Please let me know if he has made a decision regarding the $500 [] offer that was conveyed last month." Email from Defendants' Counsel to Plaintiff's Counsel, sent Nov. 8, 2017 at 2:02 p.m. On November 13, 2017, Plaintiff's counsel, John Grill, replied to Defendants' counsel stating: **"I discussed potential results of pressing forward and he [i.e. Plaintiff] decided he wants the 500."** Email from Plaintiff's Counsel to Defendants' Counsel, sent Nov. 13, 2017 at 10:11 a.m. (emphasis added).

3 – At a Court conference on January 16, 2018 ("1/16/18 Tr."), Plaintiff indicated that he changed his mind about the amount he wanted under the settlement. The Court: "Your issue today is you think you didn't get enough money in the settlement, is that your position?" Plaintiff: "Yes, your Honor." 1/16/18 Tr. at 7; see also Delgrosso, 2013 WL 5202581, at *6 ("a settlement agreement is binding notwithstanding a change of heart after the settlement is reached."); Gordon, 2015 WL 1514359, at *4.

4 – Plaintiff is also incorrect that the Stipulation of Settlement is not binding because he has not signed a general release. As the district court explained in Delgrosso v. City of New York: **"The agreement by the plaintiff to sign and deliver documents is simply one of the various mutual obligations that the parties have undertaken to perform as part of the settlement[.]"** 2013 WL 5202581, at *8 (E.D.N.Y. Sept. 13, 2013) (emphasis added); see also Gordon v. City of New York, 2015 WL 1514359, at *6 (E.D.N.Y. Apr. 3, 2015).[2]

---

[2] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

3

**Conclusion & Order**

For the reasons stated above, Defendants' application to enforce the Stipulation of Settlement is granted. The City is directed to send to Plaintiff's counsel a check payable to Plaintiff for $500. Plaintiff shall have no further recourse against Defendants with respect to this matter.

The Clerk of Court is directed to close the case with prejudice.

Dated: New York, New York
July 18, 2018

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J.**